UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

500 PARK AVE, E.O., INC.,

*Plaintiff*,

v.

CRYSTAL FENTY DEY-EL,

*Defendant.*

Civil Action No. 17-603

**OPINION AND ORDER**

**John Michael Vazquez, U.S.D.J.**

I.    **INTRODUCTION**

This matter comes before the Court on Plaintiff 500 Park Avenue, E.O. Inc.'s ("500 Park Avenue" or "Plaintiff") motion to remand to state court. D.E. 4. Defendant Crystal Dey-El ("Ms. Dey-El" or "Defendant") opposed this motion.[1] D.E. 7. This motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions, and for the reasons stated below, Plaintiff's motion is GRANTED.

---

[1] Plaintiff's brief in support of its motion to remand (D.E. 4) will be referred to hereinafter as "Pl. Br." Defendant's opposition to Plaintiffs' brief (D.E. 7) will be referred to hereinafter as "Def. Opp."

## II. FACTS[2] AND PROCEDURAL HISTORY

Plaintiff 500 Park Avenue is a residential cooperative, or "co-op," comprised of twenty apartments. Complaint ("Compl.") ¶ 2. Residents of the co-op own stock in their apartments. *Id.* Beginning in August 2008, Defendant Crystal Dey-El owned stocked in, and lived in, one of the co-op's apartments. *Id.* ¶ 4. Upon moving into the apartment, Defendant received a copy of the Corporation's Amended By-Laws ("By-Laws"). *Id.* ¶ 7. The By-Laws allow Plaintiff, upon a resident's default of payment, to re-possess both the resident's stock certificates in the apartment and apartment premises. *Id.* ¶ 8.

Plaintiffs allege that beginning in August 2011, Defendant failed to pay the monthly maintenance fees. *Id.* ¶ 9. This resulted in Defendant owing an outstanding balance of $19,097.30. Pursuant to the By-Laws, Plaintiff moved to re-possess Defendant's stock in the apartment as well as the physical premises. *Id.* ¶¶ 7-20, Ex. H.

On July 23, 2014, Plaintiff filed its Complaint and an order to show cause in the Chancery Division of the New Jersey Superior Court (Docket No. C-152-14). Pl. Br., Certification of Lisa Hendricks Richardson ("Richardson Cert."). *Id.* ¶ 3. The Chancery Division transferred the case to the Law Division (Docket No. L-5567-14). *Id.* ¶ 4. On October 27, 2014, the state court entered default judgment against Defendant. *Id.* ¶ 6, Ex. B. After a series of procedural events - during which time Plaintiff moved for final judgment, the court vacated the default judgment, and the Court denied Defendant's motion to dismiss the Complaint - the court entered default judgment for a second time against Defendant. *Id.* ¶¶ 7, 8, 15, 20.

---

[2] The facts of this matter derive from Plaintiff's Complaint. D.E. 1. In ruling on a motion to remand, "the district court must assume as true all factual allegations of the complaint." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

2

On April 19, 2016 the state court entered final judgment against Defendant and found that Defendant owed Plaintiff $32,6999.60 for unpaid maintenance fees and accrued assessment charges. *Id.* ¶ 25, Ex. J & I. Then, on April 29, 2016, the state court issued an order for ejectment against Defendant. *Id.* ¶ 26, Ex. K. Following the court's orders, on January 18, 2017 Defendant filed an order to show cause in state court. *Id.* ¶ 34. Then on January 27, 2017 Defendant filed a notice of removal, a motion to dismiss, and counterclaim in federal court. D.E. 1, 3. Subsequently, on February 3, 2017 in state court, Defendant and Plaintiff appeared to address Defendant's pending motion to vacate and order to show cause. Pl. Br., Richardson Cert. ¶ 35. At the hearing, Defendant informed the state court that she had filed a notice of removal and counterclaim in federal court. The state court stayed the proceedings. *Id.* ¶ 36.

Plaintiff then filed a motion to remand in this Court on March 1, 2017. D.E. 4. Defendant opposed this motion. D.E. 7. The pending motion to remand is now before the Court.

### III. LAW AND ANALYSIS

At the outset, the Court notes that Plaintiff has moved to (1) remand the case, (2) for a dismissal of Defendant's motion to dismiss and counterclaim, and (3) for summary judgment. Pursuant to Federal Rule of Civil Procedure 56(b), a party may not move for summary judgment until thirty days after the close of discovery. Discovery has not yet occurred in this case. Therefore, summary judgment is inappropriate. Further, a party may move to remand a case or to dismiss a case, but may not move for both simultaneously.[3] Thus, here, the Court will only address Plaintiff's motion to remand.

---

[3] A party could conceivably seek alternate relief, such as requesting a remand or, alternately, a dismissal. Plaintiff, however, has not styled its motion in the alternate. Instead, Plaintiff seeks both a remand and a dismissal. As discussed below, the Court understands why Plaintiff may have proceeded in this fashion because Defendant, who is proceeding *pro se*, filed her "counterclaim" in federal court after removing the matter from state court.

3

**Standard of Review**

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that a case removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Initially when a case is filed in state court, a defendant may remove any action over which the federal courts have jurisdiction. 28 U.S.C. § 1441(a). The party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). This is a heavy burden because removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* For removal to be proper, a federal court must have original jurisdiction, that is, the removed claims must arise from a "right or immunity created by the Constitution or laws of the United States." *Concepcion v. CFG Health Sys. LLC*, No. 13-02081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

In determining whether a complaint alleges a federal question, courts are generally guided by the well-pleaded complaint rule. According to the rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Concepcion*, 2013 WL 5952042, at *2.[4]

---

[4] An exception to the well-pleaded complaint rule is found through complete preemption. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271 (3d Cir. 2001); *LaMonica v. Guardian Life Ins. Co. of Am.*, No. 96-6020, 1997 WL 80991, at *3 (D.N.J. Feb. 20, 1997). The exception is not applicable here.

4

### A. Legal Analysis

Plaintiff moves to remand this case to state court because Defendant failed to timely remove this matter from state court and because this matter does not present a federal question. As to the timeliness argument, Plaintiff asserts that Defendant failed to remove the case to federal court within the 30 day allowance pursuant to 28 U.S.C. § 1446.[5] Specifically, Plaintiff served the Complaint on Defendant on August 31, 2014. Pl. Br. at 4. Defendant failed to answer the Summons and Complaint; thereafter, the state court ordered a default judgment against Defendant on October 27, 2014. *Id.* Although the state court vacated the default judgment on October 9, 2015, Defendant did not remove the case from state court until January 27, 2017. *Id.*; D.E. 1. As to the federal question argument, Plaintiff argues that Defendant fabricated a Federal Debt Collection Practice Act ("FDCPA") claim to raise a federal question in her counterclaim. Further, Plaintiff asserts that its Complaint does not present a federal question. Pl. Br. at 6.

Defendant does not address the timeliness of her removal of this matter, but rather focuses on federal question jurisdiction. Defendant argues that the Court has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692 *et seq*. In fact, Defendant claims that jurisdiction lies solely in the federal, not state, courts. Def. Opp. at 2, D.E. 7. Defendant is incorrect. The FDCPA is not applicable here because, among other reasons, 500 Park Avenue is not a "debt

---

[5] 28 U.S.C. § 1446, in relevant part, reads: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

collector" under the FDCPA. 15 U.S.C. § 1692(a)(6).[6] 500 Park Avenue's principal business purpose is not the collection of debts.

Defendant also relies on Rule 81(c) of the Federal Rules of Civil Procedure, claiming that the current motion to remand was filed out of time. However, Rule 81(c) applies to the filing of an answer, if the pleading was not submitted in the original state action. Here, Plaintiff did file a Complaint in state court. Moreover, Plaintiff is seeking a remand.

The Court agrees with Plaintiff that Defendant did not file a timely notice of removal. Plaintiff filed the matter in 2014 and properly served Defendant. Defendant did not remove the matter until 2017, literally years after the thirty-day period had expired.

Moreover, the Court finds that remand is appropriate because this Court does not have subject-matter jurisdiction over the matter. As discussed above, the case does not present the Court with a federal question. 28 U.S.C. § 1331. Diversity jurisdiction is also not present. Plaintiff and Defendant are both New Jersey citizens. Compl. ¶¶ 1, 3. Thus, there is no diversity of citizenship pursuant to 28 U.S.C. § 1332.[7]

The Court further lacks subject-matter over this matter because the *Rooker–Feldman* doctrine appears to apply. "The *Rooker–Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228,

---

[6] 15 U.S.C. § 1692(a)(6), in relevant part, reads: "The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which is* the collection of any debts, or *who regularly collects or attempts to collect*, directly or indirectly, debts owed or due or asserted to be owed or due another." (emphases added)

[7] "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

6

232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 305, 315 (3d Cir. 2014). The Third Circuit has ruled that the doctrine applies when four elements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."[8] *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).[9]

"The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Great W. Mining*, 615 F.3d at 166. The Third Circuit advises that "[t]he second requirement—that a plaintiff must be complaining of injuries caused by a state-court judgment—may also be thought of as an inquiry into the source of the plaintiff's injury." *Id.* at 166 (citing *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir.2006). "A useful guidepost is the timing of the injury, that is, whether the

---

[8] The Third Circuit previously relied on a different test to determine whether the *Rooker-Feldman* doctrine applied to a subsequent federal suit. However, in light of *Lance* and *Exxon Mobil*, the Third Circuit concluded that "'caution is now appropriate in relying on our pre-*Exxon* formulation of the *Rooker–Feldman* doctrine,' which focused on whether the state and federal suits were 'inextricably intertwined.'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 169 (3d Cir. 2010) (quoting *Gary v. Braddock Cemetary*, 517 F.3d 195, 200 n.5 (3d Cir. 2008)). In place of the "inextricably intertwined" analysis, in *Great W. Mining*, the Third Circuit concluded that a four-factor test is appropriate.

[9] The United States Supreme Court's most recent case on the *Rooker-Feldman* doctrine, *Skinner v. Switzer* explained that the *Rooker-Feldman* doctrine is triggered when "[t]he losing party in state court file[s] suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment." 562 U.S. 521, 531 (2011).

injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." *Id.* at 167. The Third Circuit has explained that the fourth requirement is "closely related" to the second requirement, *id.* at 168, but that the fourth requirement is aimed at plaintiff asking a federal district court to engage in "appellate review of state-court decisions or a review of the proceedings already conducted by the lower tribunal to determine whether it reached its result in accordance with law." *Id.* (internal citations and quotations omitted).

Here, Defendant appears to be, in essence, appealing the state court decisions granting final judgment against Defendant and ordering that Defendant be ejected from the co-op apartment. As discussed above, Defendant did not seek to remove this matter to federal court until January 27, 2017, after the state court had entered both the final judgment and ejectment ordered against her. Defendant appears to want the Court to reconsider the state court's rulings. It will not do so.

Finally, as stated above, after Defendant removed the case to federal court, she also filed a "Demand for Dismissal of New Jersey State/City Superior Court Action and Counterclaim." D.E. 3. It is unclear to the Court exactly what Defendant intends this document to be, as it could be construed as a motion for relief or a motion to amend Defendant's pleadings in state court (if she filed a pleading in state court. However, it is not clear to the Court that Defendant filed a a pleading in ). In any event, in her "demand," Defendant relies upon federal jurisdiction pursuant to the FDCPA, which, as noted, is not applicable. As a result, to the extent Defendant is seeking

8

relief pursuant to her "Demand for Dismissal," it is denied both substantively and as moot in light of the Court's decision to remand.[10]

## IV. CONCLUSION

For the reasons set forth above, and for good cause shown,

It is on this 11th day of January, 2018, hereby

**ORDERED** that Defendant's motion for relief, D.E. 3, is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for summary judgment, D.E. 4, is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to dismiss, D.E. 4, is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for fees and costs, D.E. 4, is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to remand this matter to the Superior Court of New Jersey, Essex Vicinage, D.E. 4 is **GRANTED**; and it is further

**ORDERED** that the Clerk's Office shall close this matter.[11]

*[signature]*
John Michael Vazquez, U.S.D.J.

---

[10] In denying the relief, the Court is not precluding Defendant from making whichever motion she thinks appropriate in the state court. At the same time, the Court is not precluding Plaintiff from opposing any such motion, including on the grounds that it is procedurally improper or out-of-time.

[11] The Clerk's Office does not have to mail a copy of this Opinion and Order to Defendant because she is registered to receive electronic filings in this case. D.E. 2.

9